IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Eliot A. LANDAU,
Attorney at Law.

Supreme Court

*No. 87–1666–D. Filed January 17, 1989.*

(Also reported in 434 N.W.2d 93.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Eliot A. Landau to practice law in Wisconsin be suspended for six months as discipline for professional misconduct consisting of neglect of a client's legal matter and failure to carry out a contract of employment, failure to promptly refund a retainer he had not earned and failure to respond to numerous inquiries from the disciplinary authorities concerning the client's grievance. We determine that a six-month suspension of Attorney Landau's license to practice law in Wisconsin is appropriate discipline for that misconduct.

Attorney Landau was admitted to practice law in Wisconsin in 1982 and practices in Illinois. He has not

previously been the subject of an attorney disciplinary proceeding in Wisconsin. The referee is Attorney Charles Herro.

Following a hearing, the referee made the following findings of fact. An Illinois couple retained Attorney Landau in August, 1986 to represent them in a sale of a home they owned in Wisconsin, for which they paid him a retainer of $300. On August 29, 1986, Attorney Landau sent the purchasers' attorney a rider to the residential offer to purchase his clients had received, asking whether it was acceptable and that he be informed promptly so that the matter could be concluded as soon as possible. The purchasers' attorney wrote to Attorney Landau on September 24, 1986, that the provisions of the rider were acceptable but asked that material be added to it. He suggested that Attorney Landau redraft the rider with the new language and submit it together with a proposed closing statement and land contract. The attorney stated that it appeared the matter could be completed before the end of September, 1986.

Attorney Landau never contacted his clients about the requested language, nor did he respond to the purchasers' attorney. His clients telephoned him numerous times, leaving messages that their calls be returned, but Attorney Landau never did so. The purchasers' attorney wrote Attorney Landau on November 20, 1986, asking for an immediate response to his prior letter, but Attorney Landau made no response and did not contact his clients about it.

The clients again wrote to Attorney Landau in December, 1986, asking about the delay in completing the sale and expressing their displeasure with the time he was taking to bring the matter to a conclusion. They also advised him that they wanted to close on the sale by the end of December. Even though they

had sent that letter certified mail and Attorney Landau received it, he failed to respond.

Later that month the purchasers' attorney again wrote to Attorney Landau stating that his clients were no longer interested in buying the home. Soon thereafter Attorney Landau's clients wrote him that they had been told the purchasers were withdrawing their offer on the property and they discharged him as their attorney, asking that he refund the $300 retainer. Attorney Landau did not respond to that letter.

After receiving a grievance from the clients, the Board of Attorneys Professional Responsibility wrote to Attorney Landau on February 2, 1987, asking for a written response to the grievance within 20 days. When no response was received in that time, the Board again wrote to him, telling him of his duty to cooperate and requesting a response. No response was forthcoming. The Board then referred the matter to the district professional responsibility committee for investigation, and Attorney Landau failed to respond to one telephone call and two letters from that committee's investigator.

On the basis of these facts, the referee concluded that Attorney Landau neglected his clients' legal matter, in violation of SCR 20.32(3)(1986), failed to carry out his contract of employment with them, in violation of SCR 20.35(1)(b)(1986), failed to promptly refund the portion of the retainer that he had not earned, in violation of SCR 20.16(1)(c)(1986), and failed to respond to Board inquiries and inquiries from the district committee, in violation of SCR 21.03(4) and 22.07(3). The referee did note, however, that by the time the hearing was held in this matter on March 4, 1988, Attorney Landau had refunded the retainer in full.

We determine that the recommended six-month suspension of Attorney Landau's license to practice law in Wisconsin is appropriate discipline for his misconduct in this matter. The neglect of his clients' legal matter had serious repercussions to them—they lost the sale of their house. Further, notwithstanding his failure to perform the services for which he was retained, after his clients discharged him, he refused to return the retainer they paid in anticipation of his performing those services. Attorney Landau then compounded that misconduct by refusing to respond to numerous inquiries of the Board and the district committee investigating the matter. The discipline we impose for the totality of his misconduct should serve to impress upon Attorney Landau the need to act in conformance with the rules of professional conduct and cooperate with the court's disciplinary authorities in the exercise of their duties to enforce those rules.

IT IS ORDERED that the license of Eliot A. Landau to practice law in Wisconsin is suspended for a period of six months commencing February 20, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Eliot A. Landau pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Eliot A. Landau to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Eliot A. Landau comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.